# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES,           )
                               )
         Plaintiff,       )
                               )
v.                           )        Case No. 11-CR-053-GKF-TLW
                               )
DEMONTE PARKER,       )
                               )
         Defendants.     )

## OPINION AND ORDER

This matter comes before the court on the Appeal to District Court from Magistrate's Order of Detention (Dkt. #14) of defendant Demonte Parker ("Parker").

Under 18 U.S.C. § 3145 a defendant who is ordered detained by a magistrate judge before trial may file a motion for revocation or amendment of the order. The district court reviews the order for detention *de novo*. *U.S. v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003) (citations omitted).

Generally, a court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account available information concerning:

> "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct,

> history relating to drug or alcohol abuse, criminal history, and
> record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the
> person was on probation, on parole, or on other release
> pending trial, sentencing, appeal, or completion of sentence
> for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the
> community that would be posed by the person's release."

18 U.S.C. § 3142(g).

Both parties agree there is a rebuttable presumption that there is no set of conditions which will reasonably assure the appearance of defendant or the safety of the community. 18 U.S.C. § 3142(e)(3). "Once [the rebuttable] presumption is invoked, the burden of production shifts to the defendant," but "the burden of persuasion regarding . . . danger to the community always remains with the government." *United States v. Villapudua-Quintero*, 2009 WL 141931, at *1 (10th Cir. 2009) (quoting *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991)). "The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Villapudua-Quintero*, 2009 WL 141931, at *1 (quoting *Stricklin*, 932 F.2d at 1355).

The court has reviewed Magistrate Judge Wilson's Detention Order (Dkt. #12), Parker's Motion (Dkt. #14), and the recording of the hearing on detention held May 6, 2011. For the reasons set forth below, the court holds that there are currently no set of conditions which will reasonably assure the appearance of the defendant and the safety of other persons in the community.

**Reasons for Detention**

Parker is charged in a three count Indictment alleging: felon in possession of a firearm, possession of marijuana with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. At the May 6, 2011 hearing, the government called Special Agent Eric Booker of the Bureau of Alcohol, Tobacco, and Firearms to testify regarding the investigation of Parker and several recorded phone calls Parker made while in custody. Parker brought his mother, Letrice Parker to testify on his behalf.

**1) Nature and Circumstances of the Offense**

Agent Booker testified that arresting officers witnessed Parker making gang signs out of the passenger window of a car, and then pointing a firearm out the window. They then witnessed him place the gun low and in front of him. When the vehicle was pulled over for a traffic violation, a firearm was located in the glove box in front of Parker. The officers located 18 grams of marijuana hidden in the passenger side door. The marijuana was packaged in individual "nickel bags" which the defense admits were "packaged for sale." (Dkt. #14, p.7). The offense thus involved both a controlled substance and a firearm.

**2) Weight of Evidence**

The evidence against Parker appears to be strong. Police officers witnessed Parker pointing a firearm out of the vehicle, and placing it low and in front of him in the vehicle. Agent Booker testified Parker made several phone calls while in custody which were recorded. In those calls

Parker admitted possessing the firearm at the time of his arrest, and attempted to arrange drug transactions over the phone while he was in custody.

## 3) History and Characteristics of the Defendant

Parker has three prior convictions based on drug possession, assault and battery upon a police officer, resisting arrest, and obstructing an officer. The court agrees with Magistrate Judge Wilson's determination that Parker's criminal history and characteristics would not necessarily justify his pretrial detention by themselves, but do justify detention viewed alongside the defendant's incriminating phone calls from the Tulsa County Jail. While in jail in May, Parker made a number of phone calls that indicated he had continued to remain involved in drug sales between his March and May arrests. Furthermore, Parker twice indicated that if he had known he was facing federal charged he would have "run" rather than face them. Parker's mother testified that she still has control over Parker and could keep him out of trouble if released. She also highlighted his lifelong ties to the Tulsa community. Given Parker's ongoing involvement in criminal activity between his March and May arrests, however, the court is skeptical that even Letrice Parker's admirable leadership and efforts on behalf of her son would be sufficient to prevent him from posing a flight risk and a danger to the community.

## 4) Danger to the Community

Based on Parker's past criminal history, his ongoing involvement in criminal activity, and his proclaimed intention to "run" the court finds that he would pose a danger to the community if released.

**Discussion**

The court notes with appreciation and admiration Letrice Parker's testimony and efforts to take responsibility for her son. The court concurs with Magistrate Judge Wilson that this testimony would be enough to rebut the presumption against the defendant. However, the evidence presented by the government, particularly of Parker's ongoing criminal activity, and his stated intention to "run" rather than face federal charges, fulfill the government's burden to establish that the defendant is a danger to the community and a flight risk. Parker argues that he could serve his time before trial at the 12-and-12 drug treatment facility. There is no indication in the record, however, that Parker's criminal activity and danger to the community are a result of any drug use for which treatment might provide an effective solution. Moreover, 12-and-12 provides an inadequate solution to the flight risk posed by Parker. Thus, Parker is ordered detained.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal to appear in connection with a court proceeding.

IT IS SO ORDERED this 20th day of May, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma